## SMITH v LORENZ CONSTRUCTION CO

Ohio Appeals, 9th Dist, Summit Co

No 1956. Decided Jan 15, 1932

W. S. Hutchison, Akron, for Plaintiff in Error.

Lahrmer & Hadley, Akron, for Defendant in Error.

WASHBURN, J.

There was no direct evidence that the defendant was responsible for said obstruction being upon said walk, but there was evidence giving rise to an inference that whoever was digging the cellar and trucking dirt from said premises was responsible for said condition of said sidewalk, and that as the defendant was the general contractor in charge of such construction, it was the one so responsible, and for that reason the trial court rightly overruled a motion to direct a verdict in favor of the defendant at the close of the plaintiff's evidence.

The defendant then offered evidence, not in contradiction of plaintiff's evidence which gave rise to said inferences, but evidence of other facts which totally destroyed the basis for such inferences as against the defendant that is, the defendant gave evidence that said cellar was being dug and the dirt therefrom hauled away by an independent contractor, over whom it had no power of control or direction, and at the close of all the evidence in the case, there was no evidence contradicting the evidence of the defendant that said work was being performed by an independent contractor; and we think that the court then rightly directed a verdict for the defendant, on the ground that there was no evidence that it was in any way responsible for the condition of said walk.

The plaintiff's evidence raised only the inference that whoever was digging said cellar was responsible for the condition of the sidewalk, and defendant's uncontradicted testimony that the cellar was being dug by an independent contractor established that the inference applied to such independent contractor and not to the defendant, and therefore the trial court was right in finding that there was not a scintilla of evidence in support of plaintiff's claim against the defendant.

Judgment affirmed.

PARDEE, PJ, and FUNK, J, concur.